## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION,
611 Pennsylvania Ave., S.E. #231
Washington, D.C. 20003

    *Plaintiff,*

    v.

HENRY J. KERNER, in his official capacity,
The Office of Special Counsel
1730 M Street NW
Washington, DC 20036

    *Defendant.*

Case No. 1:22-cv-3576

## COMPLAINT

1. This is a case to compel the defendant to carry out his statutory duty under 5 U.S.C. § 1216(a)(3) and investigate the U.S. Department of Justice's arbitrary and capricious withholding of information in violation of 5 U.S.C. § 552.

## PARTIES

2. AFL is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and

disseminating it through reports, press releases, and/or other media, including social media platforms, all to educate the public.

3. Defendant Henry J. Kerner is Special Counsel. Pursuant to 5 U.S.C. § 1211(a), he is the head of the U.S. Office of Special Counsel. He is sued in his official capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1651. and 5 U.S.C. § 704.

5. Alternatively, it has jurisdiction under 28 U.S.C. § 1361, granting the Court "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owned to the plaintiff."

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

7. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

## FACTS

8. On April 6, 2022, AFL filed a Freedom of Information Act request with the U.S. Department of Justice Civil Division seeking records between any Civil Division employee and one email address of a non-government individual.

9. The Civil Division refused to conduct a search for responsive records without specific custodian email addresses, stating, "[w]e would have to reach out and receive permission from each custodian in order to search his/her emails." *Exhibit 1*.

10. The Civil Division subsequently averred that it had an unwritten policy to require a custodian's permission to perform a search in response to a lawful FOIA request. *Id.*

11. Believing the U.S. Department of Justice policy arbitrarily and capriciously violated 5 U.S.C. § 552, AFL wrote to the defendant on August 17, 2022, requesting an investigation in compliance with 5 U.S.C. § 1216(a)(3). *Exhibit 2*.

12. On September 1, 2022, the Office of Special Counsel declined to investigate and closed the matter, asserting that its authority begins only upon the finding by a court, after ordering the production of agency records improperly withheld, that agency personnel acted arbitrarily or capriciously. *Exhibit 3*.

## FIRST CLAIM FOR RELIEF
(Administrative Procedure Act—5 U.S.C. § 706)

13. Plaintiff repeats paragraphs 1–12.

14. The Office of Special Counsel is an "authority of the Government of the United States" under 5 U.S.C. § 701(b)(1).

15. Its refusal to investigate AFL's allegations regarding the U.S. Department of Justice's arbitrary or capricious withholding of information prohibited under section 552 is "agency action" (i.e., a "failure to act") under 5 U.S.C. § 551(13).

16. 5 U.S.C. § 1216(a)(3) provides, in relevant part, that "the Special Counsel *shall* conduct an investigation of any allegation concerning … arbitrary or capricious withholding of information prohibited under section 552" (emphasis added).

17. 5 U.S.C. § 552(a)(4)(F)(i) requires the defendant to investigate the circumstances of an agency's withholding of information after a finding by a court that such withholding was arbitrary and capricious and in violation of the Freedom of Information Act.

18. However, this section does not modify or diminish the defendant's obligations under § 1216. The defendant's obligations under § 552 are triggered by a court order. His obligations under § 1216 are triggered by "any allegation" of an arbitrary or capricious withholding of information prohibited under section 552. The statutes are complementary.

19. Congress, through 5 U.S.C. § 1216(a)(3), imposed a non-discretionary duty on the defendant to investigate AFL's allegations.

20. The defendant's refusal to investigate AFL's allegations despite this explicit Congressional command is *ultra vires* and a violation of the separation of powers.

21. The defendant's duty to investigate AFL's allegations is not discretionary; it is an action the defendant is required to take.

22. Pursuant to 5 U.S.C. § 706(1), this Court should compel the defendant to investigate AFL's allegations, which investigation was unlawfully withheld.

23. Pursuant to 5 U.S.C. §§ 706(2)(A)–(C), this Court should hold unlawful and set aside the challenged action—specifically, the defendant's decision not to investigate AFL's allegations—as arbitrary, capricious, contrary to the defendant's constitutional power, not in accordance with law, and short of his statutory right.

## **SECOND CLAIM FOR RELIEF**
(Mandamus Act—28 U.S.C. § 1361)

24. Plaintiff repeats paragraphs 1–23.

25. The Mandamus Act, 28 U.S.C. § 1361, states that this Court has "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

26. The defendant had a clear duty to investigate AFL's allegations under 5 U.S.C. § 1216(a)(3).

27. He refused to do so.

28. AFL does not have any alternative remedy.

29. A writ of mandamus compelling the defendant to comply to open an investigation of AFL's allegations regarding the U.S. Department of Justice should therefore issue.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court issue judgment in its favor and against Defendant and issue the following relief:

A. A declaratory judgment that the plaintiff has a non-discretionary duty under 5 U.S.C. § 1216(a)(3) to investigate AFL's allegations.

B. A writ of mandamus requiring the defendant to investigate AFL's allegations.

C. Such other relief as this Court deems just.

Dated: November 25, 2022

                              Respectfully submitted,

                              <u>/s/ Andrew J. Block</u>
                              Reed D. Rubinstein
                              D.C. Bar No. 400153
                              Andrew J. Block
                              D.C. Bar No. 90002845
                              AMERICA FIRST LEGAL FOUNDATION
                              611 Pennsylvania Ave., S.E. #231
                              Washington, D.C. 20003
                              *Counsel for Plaintiff*