

August 17, 2022

Honorable Henry J. Kerner
U.S. Office of Special Counsel
1730 M Street, N.W., Suite 218
Washington, D.C., 20036-4505

Dear Special Counsel Kerner:

America First Legal Foundation ("AFL") is a national, nonprofit organization. AFL works to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and promote knowledge and understanding of the law and individual rights guaranteed under the Constitution and laws of the United States. Our mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and media, including social media platforms, to educate the public and to keep government officials accountable for their duty to faithfully execute, protect, and defend the Constitution and laws of the United States.

I. **The U.S. Department of Justice Civil Divion's Policy and Practice of Obtaining Permission from Agency Employees Before Searching Their Official Records Evades Compliance with the Freedom of Information Act.**

The U.S. Department of Justice has on several occasions within the last several months informed AFL of its need to obtain employee permission to search individual email accounts.[1] To illustrate this policy, Stephanie Logan, a supervisory government information specialist at DOJ, wrote to AFL that, "[w]e would have to reach out and receive permission from each custodian in order to search his/her emails."[2] When AFL asked Elizabeth Wood, the Acting Chief of FOIA and Privacy at the Civil Division of DOJ, whether the "policy of getting consent from employees prior to a FOIA search [was] a written policy or more of a practice", Ms. Wood replied that "[i]t is not a written policy."[3]

---

[1] The relevant tracking numbers of the AFL Freedom of Information Act ("FOIA") requests to the U.S. Department of Justice ("DOJ") are FOIA-2022-01054; 145-FOI-18549; and 2022-127831.
[2] E-mail from Stephanie Logan (DOJ Civil Division) to AFL (June 7, 2022), attached at Exhibits at 2.
[3] E-mail from Elizabeth A. Wood (DOJ Civil Division) to AFL (April 15, 2022), attached at Exhibits at 4.

As a practical matter, DOJ FOIA staff can administratively search all relevant employees' email accounts and then review and redact the results using Clearwell and Relativity, or another eDiscovery platform.[4] According to the Justice Management Division, the "Office of the Chief Information Officer, eDiscovery Program, is responsible for providing electronic discovery support for the DOJ senior leadership offices (Office of the Attorney General, Office of the Deputy Attorney General, and Office of the Associate Attorney General) and various other offices and components within the Department in response to Freedom of Information Act (FOIA) requests, litigation, investigations, Congressional requests, and other related matters."[5]

As a practical matter, DOJ's argument that conducting searches without the specific identities of custodians and those custodians' consent "would be extremely time consuming and burdensome"[6] is therefore unavailing. But to argue that such narrowing and permission is necessary in order for a FOIA requester to "reasonably describe"[7] records being sought is arbitrary, capricious, and without legal basis. The law is clear: "an agency responding to a FOIA request must conduct a search reasonably calculated to uncover all relevant documents."[8] If an agency places limitations on the searches it undertakes such a policy is arbitrary or capricious unless it comports with the agency's "obligation to conduct a reasonably thorough investigation."[9]

## II. The Special Counsel Must Investigate the U.S. Department of Justice's Arbitrary Withholding of Information Under FOIA.

The e-mail communications of government officials relating to official business are federal records subject to the government's control independent of a custodian's consent to that control.[10] DOJ's policy sends the message that agency employees control permissions regarding the releasability of their records and therefore creates the risk that such employees may evade official recordkeeping systems for their government

---

[4] U.S. Department of Justice, Office of Information Policy, *Processing a FOIA Request: From Start to Finish*, (2018), https://www.justice.gov/oip/page/file/1324396/download#page=15.

[5] U.S. Department of Justice, Justice Management Division, *Privacy Impact Assessment for the eDiscovery System*, (Dec. 18, 2018), https://www.justice.gov/opcl/page/file/1121536/download#page=2.

[6] E-mail from Stephanie Logan (DOJ Civil Division) to AFL (June 7, 2022), attached at Exhibits at 2.

[7] 5 U.S.C. § 552(a)(3)(A).

[8] *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (internal citations omitted)

[9] *McGehee v. CIA*, 697 F.2d 1095, 1101 (D.C. Cir. 1983) ("The Act explicitly assigns to the agency the burden of persuasion with regard to the closely related issue of the legitimacy of the agency's invocation of a statutory exemption to justify withholding of material. Two considerations indicate that the same rule should govern the issue before us. One is that the information bearing upon the reasonableness of any temporal or other limitation on a search effort is within the agency's exclusive control. The other is that the Act as a whole is clearly written so as to favor the disclosure of any documents not covered by one of the enumerated exemptions. Insofar as burdens of persuasion are generally assigned to parties advancing disfavored contentions, **the agency should bear the responsibility of convincing the trier of fact that its less than comprehensive search is reasonable under the circumstances**.") (emphasis added).

[10] *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 147 (D.C. Cir. 2016) (citing the Federal Records Act).

business without legal penalty. While, as a matter of law, such records would be in the control of the government,[11] DOJ's policy would all but guarantee their exclusion from lawful public access.

If records cannot be searched for purposes of complying with FOIA without advance consent by a government custodian, then such a policy amounts to a rule that email records of an employee who refuses consent are outside the possession or control of federal agencies and thus beyond the scope of FOIA. Such a policy would enable the DOJ to argue that, without employee consent, the agency lacks possession or control of certain records. As the D.C. Circuit has concluded, while FOIA "empowers federal courts to compel disclosure of agency records improperly withheld" it "does not confer authority upon the courts to command agencies to acquire possession or control of records they do not already have."[12] DOJ therefore seeks to use this legal conclusion to advance a policy obfuscating the plain purpose behind the FOIA.

In establishing your authority, Congress sought to protect against arbitrary agency decisions to obstruct the legislative purpose of FOIA. Under 5 U.S.C. § 1216(a)(3), "the Special Counsel shall … conduct an investigation of any allegation concerning … arbitrary or capricious withholding of information prohibited under section 552". This requirement is a ministerial responsibility for which you lack discretion not to act.[13]

We therefore request that you immediately begin an investigation of the DOJ's arbitrary and capricious withholding of information subject to FOIA through its policy of requiring custodian consent prior to a search of responsive records.

If you have any questions about this matter, please do not hesitate to contact me at Reed.Rubinstein@aflegal.org.

    Sincerely,

    /s/ Reed D. Rubinstein
    Reed D. Rubinstein
    America First Legal Foundation

Encl.: Exhibits

---

[11] *Id.*

[12] *Founding Church of Scientology of Washington, D.C., Inc. v. Regan*, 670 F.2d 1158, 1163 (D.C. Cir. 1981).

[13] *Carson v. United States Office of Special Counsel*, No. 3:08-CV-317, 2009 U.S. Dist. LEXIS 49983, at *6 (E.D. Tenn. June 9, 2009); Brief, U.S. Department of Justice (Appellee), *Carson v. United States Office of Special Counsel*, Case No. 09-5645 (6th Cir. 2009) ("the district court appropriately concluded that OSC performed the ministerial act required by § 1216(a)[]").

---------- Forwarded message ---------
From: **Wood, Elizabeth A. (CIV)**
Date: Wed, Jul 20, 2022 at 2:21 PM
Subject: RE: FW: [EXTERNAL] Re: Your Freedom of Information Act
To: Logan, Stephanie B. (CIV)

H

We are currently conduct a search for potentially responsive information.  Due to the number of custodians, this is taking some time to reach out to custodians and have them search.  The search is still ongoing.

Please let me know if you have any questions.

Thank you,

Elizabeth

---

**From:**
**Sent:** Wednesday, July 20, 2022 2:18 PM
**To:** Logan, Stephanie B. (CIV)
**Cc:** Wood, Elizabeth A. (CIV)
**Subject:** Re: FW: [EXTERNAL] Re: Your Freedom of Information Act

Hi Stephanie and Elizabeth,

I am writing to follow up on my email of June 13 and request an update on where CIV is on processing our request, and if it is still maintaining the need to obtain permission or consent prior to performing the searches.

Best,

Andrew

On Mon, Jun 13, 2022 at 7:22 AM                                                                    wrote:

Hi Stephanie, thank you for the update. I don't think that 400 custodians is an unreasonable or unduly burdensome custodian list in this case, since we're asking only for emails between employees and one external email address, which we have provided.

As to the portion of receiving permission from custodians, that is simply not allowed by the FOIA statute or DOJ regulations as it implies that a custodian could opt out of FOIA by not granting permission to have their files searched for FOIA purposes, which of course cannot be the case. Nor does that policy align with the Attorney General's March 15 [Memorandum](#), which reinforces the FOIA statute's presumption of openness (in addition to proactive disclosure and removing barriers to access).

Because the actions that CIV is claiming make the processing of our request "unduly burdensome" are in direct odds with the statute, we stand by our request to have GS-15 and above searched in the parameters of this request.

Best Regards,

On Tue, Jun 7, 2022 at 4:35 PM Logan, Stephanie B. (CIV) wrote:

> Good afternoon,
>
> Per our communication below, there are over 400 custodians who are SES and GS-15 employees in Appellate, Federal Programs, Office of Immigration Litigation (both sections), and the Front Office. We would have to reach ask and receive permission from each custodian in order to search his/her emails. This, alone, would be extremely time consuming and burdensome. To make this more manageable, we propose to search the custodians in the front office and directors of the other offices. Please let us know if you would agree to that.
>
> Thank you,
>
> Stephanie B. Logan
>
> Supervisory Government Information Specialist
>
> FOIA and Privacy Office
>
> Civil Division
>
> United States Department of Justice
>
> ---
>
> **From:** Logan, Stephanie B. (CIV)
> **Sent:** Friday, May 20, 2022 3:18 PM
> **To:**
> **Cc:** Wood, Elizabeth A. (CIV)
> **Subject:** RE: FW: [EXTERNAL] Re: Your Freedom of Information Act
>
> Hello,

Thank you for the confirmation.

Best,

Stephanie B. Logan

Supervisory Government Information Specialist

FOIA and Privacy Office

Civil Division

United States Department of Justice

**Sent:** Friday, May 20, 2022 3:08 PM
**To:** Logan, Stephanie B.
**Cc:** Wood, Elizabeth A. (CIV)
**Subject:** Re: FW: [EXTERNAL] Re: Your Freedom of Information Act

Hi Ms Logan,

Both divisions please, thank you.

On Fri, May 20, 2022 at 3:04 PM Logan, Stephanie B. (CIV) < > wrote:

> Good afternoon
>
> The Office of Immigration Litigation is divided into two sections, the District Court and the Appellate Court. Please specify which sections we should search.
>
> Thank you,
>
> Stephanie B. Logan
>
> Supervisory Government Information Specialist
>
> FOIA and Privacy Office
>
> Civil Division
>
> United States Department of Justice
>
> **From:**
> **Sent:** Wednesday, May 18, 2022 4:08 PM

**To:** Logan, Stephanie B. (CIV)
**Cc:** Wood, Elizabeth A. (CIV)
**Subject:** Re: FW: [EXTERNAL] Re: Your Freedom of Information Act

Hi Stephanie,

Thanks for the follow up. I'm still not sure because we don't have a custodian list and we're not in a position to know who they communicate with. It seems difficult to believe that CIV does not have the capability to search all users, particularly since Main Justice has that ability. I suppose as an initial matter, we'd like to have all SES and GS-15 employees in Appellate, Fed Programs, and Office of Immigration Litigation plus CIV Front Office included as custodians for the search. Please let me know if CIV can do this.

Thank you,

On Wed, May 18, 2022 at 3:11 PM Logan, Stephanie B. (CIV) wrote:

> Good afternoon,
>
> I am writing to follow up on how we should proceed with your request. Do you want us to search directors of the Federal Programs branch and the front office? Any specific custodians you could provide is greatly appreciated and needed in order to conduct a search.
>
> Thank you,
>
> Stephanie B. Logan
>
> Supervisory Government Information Specialist
>
> FOIA and Privacy Office
>
> Civil Division
>
> United States Department of Justice
>
> **From:** Wood, Elizabeth A. (CIV)
> **Sent:** Friday, April 15, 2022 6:21 AM
> **To:**
> **Cc:** Logan, Stephanie B. (CIV)
> **Subject:** RE: FW: [EXTERNAL] Re: Your Freedom of Information Act
>
> Hi
>
> It is not a written policy.

Thanks,

Elizabeth

**From:** ▉
**Sent:** Thursday, April 14, 2022 4:13 PM
**To:** Wood, Elizabeth A. (CIV) ▉
**Cc:** Logan, Stephanie B. (CIV) ▉
**Subject:** Re: FW: [EXTERNAL] Re: Your Freedom of Information Act

Thank you, Elizabeth.

One last follow up, is that policy of getting consent from employees prior to a FOIA search a written policy or more of a practice. If written, would you be able to provide that?

Thank you,

▉

On Thu, Apr 14, 2022 at 3:58 PM Wood, Elizabeth A. (CIV) <▉> wrote:

> Hi ▉,
>
> This is correct. Thank you so much for taking the time to speak with me and I look forward to working with you on this request. I've cc'd Stephanie Logan for awareness because she is the Government Information Specialist who will be working on the request.
>
> Please let me know if you need anything in the meantime.
>
> Best,
>
> Elizabeth
>
> **From:** ▉
> **Sent:** Thursday, April 14, 2022 3:17 PM
> **To:** Wood, Elizabeth A. (CIV) <▉>
> **Subject:** Re: FW: [EXTERNAL] Re: Your Freedom of Information Act
>
> Hi Elizabeth,
>
> Thank you for taking time this afternoon to speak with me over the phone about the Civil Division's FOIA search capabilities and procedures. Per our discussion, I am following up to memorialize the contents of our conversation.
>
> As I understand our conversation, the Civil Division's technical systems require the DOJ custodian to be identified by their email address in order to be included in the search. That is to say, from a capabilities

standpoint, in order to search the whole Civil Division, you would have to input every employee's email into the custodian field of the search.

Secondarily, I understand that the Civil Division has a policy of not conducting a FOIA search on employee's emails without first getting their permission or consent, or in the alternative asking them to conduct the search of their own inbox. You stated that in order to do the search as requested, the Civil Division FOIA office would have to get the consent of all employees to be searched. My understanding, based on our conversation, is that this is a Civil Division policy adopted as a common courtesy for employees to protect their private information.

Thirdly, I asked about the "unusual circumstances" determination. I asked if we were somehow able to identify even 20 of the "correct" custodians who had communications, could this be a simple request processed in the normal course. The short answer was no, it cannot be, because assuming there are records, the Civil Division's FOIA office would still have to contact the custodians, perform the search (or have the custodian do so), compile the records, and review them for responsiveness and redactions. My understanding is that, short of there being no responsive records, there is no way to obtain a determination of anything other than "unusual circumstances" despite the request being for communications with one specific non-governmental email address.

Finally, I stated that in light of the information I've described above, we would take a couple of days internally to figure out how we would like to proceed and follow up with you next week.

Thank you again for your time and please let me know if I have incorrectly captured any portion of our discussion, or omitted something.

On Thu, Apr 14, 2022 at 11:01 AM ███████ wrote:

> great, thank you. I look forward to speaking with you then.
>
> On Thu, Apr 14, 2022 at 9:56 AM Wood, Elizabeth A. (CIV) ███████ wrote:
>
>> Hi ██████
>>
>> Yes, that's fine.
>>
>> Thanks,
>>
>> Elizabeth
>>
>> **From:** ███████
>> **Sent:** Thursday, April 14, 2022 9:54 AM
>> **To:** Wood, Elizabeth A. (CIV) ███████
>> **Subject:** Re: FW: [EXTERNAL] Re: Your Freedom of Information Act

Good morning, Elizabeth,

I was wondering if you would be able to push to 2:30 today? Thanks,

On Wed, Apr 13, 2022 at 1:39 PM Wood, Elizabeth A. (CIV) < ██████ > wrote:

> Sounds good. My cell is ██████ Talk to you then.
>
> Thanks,
>
> Elizabeth
>
> **From:** AFL FOIA ██████
> **Sent:** Wednesday, April 13, 2022 1:37 PM
> **To:** Wood, Elizabeth A. (CIV) ██████
> **Subject:** Re: FW: [EXTERNAL] Re: Your Freedom of Information Act
>
> Wonderful, how about 2pm? Is there a number that is best to reach you at?
>
> ██████ from our team, copied here, will be on the line for AFL.
>
> On Wed, Apr 13, 2022 at 1:35 PM Wood, Elizabeth A. (CIV) < ██████ > wrote:
>
>> Hi,
>>
>> Yes, I have anything between 1pm-4pm.
>>
>> Thanks,
>>
>> Elizabeth
>>
>> **From:** AFL FOIA ██████
>> **Sent:** Wednesday, April 13, 2022 1:33 PM
>> **To:** Wood, Elizabeth A. (CIV) ██████
>> **Subject:** Re: FW: [EXTERNAL] Re: Your Freedom of Information Act
>>
>> Hi Elizabeth,
>>
>> Do you have any time tomorrow afternoon?
>>
>> On Wed, Apr 13, 2022 at 10:12 AM Wood, Elizabeth A. (CIV) ██████ wrote:
>>
>>> Good morning ██████,

Do you have time for a call to discuss this FOIA request? We can be flexible with times, so please let us know what works best for you.

Thank you,

Elizabeth

Elizabeth A. (Sullivan) Wood

Acting Chief of FOIA and Privacy

Civil Division

Department of Justice

1100 L Street, NW

Washington, DC 20530

t: (202) 353-8704

**From:** AFL FOIA
**Sent:** Monday, April 11, 2022 8:51 AM
**To:** Logan, Stephanie B. (CIV)
**Subject:** Re: [EXTERNAL] Re: Your Freedom of Information Act

Good morning Stephanie,

By saying you have to canvass the branch offices, does that mean the branch office data is not housed or maintained, or searchable at the division level? It seems a bit unlikely that each division would maintain its own separate records management system, particularly since the FOIA processing is done by the Civil Division's FOIA and Privacy Office.

Ultimately, I guess my question is are you saying that the Civil Division FOIA Office cannot do one search in the records system for all emails to and from a particular address?

If the answer is no, what is the broadest group of employees for whom you can do that search without having to go to branch offices?

Thank you for your help,

America First Legal Foundation

On Thu, Apr 7, 2022 at 5:41 PM Logan, Stephanie B. (CIV) wrote:

> Good afternoon,
>
> We would have to canvass the branch offices.

Best,

Stephanie B. Logan

Supervisory Government Information Specialist

FOIA and Privacy Office

Civil Division

United States Department of Justice

**From:** AFL FOIA <
**Sent:** Thursday, April 07, 2022 4:56 PM
**To:** Logan, Stephanie B. (CIV)
**Subject:** [EXTERNAL] Re: Your Freedom of Information Act

Stephanie,

Thank you for your email. This request is not broad at all. In fact, it could not be more specific. We ask for all communications with one specific email address, that is external to the government. Are you representing to us that the Department of Justice does not have the technical ability to query all records for emails that have a specific email address in the to/from line? That is all that would be required and is a pretty fundamental search function that we believe DOJ has the ability to perform, but if you are saying the Civil Division cannot do that, then we can explore alternatives.

We are also in receipt of your acknowledgement letter which says this requires search of records in other Offices or Divisions and is thus "unusual circumstances." Can you please explain that. We have asked the Civil Division for its records of Civil Division employees' communications with one specific email address. How does this require you to search other offices?

Thank you for your prompt attention to our request, we look forward to your response.

Sincerely,

America First Legal Foundation

On Thu, Apr 7, 2022 at 4:09 PM Logan, Stephanie B. (CIV) wrote:

> Good afternoon,
>
> This email concerning your Freedom of Information Act request for. Please note that your request is very broad and there is no way for us to conduct a search. For your information, the Civil Division maintain litigation files and thousands of employees. In order for us to begin to search in the appropriate branch, we will need a specific case or custodians to search. Please also item 2 of your request. Any information you can provide would be greatly appreciated. Thank you.

Best,

Stephanie B. Logan

Supervisory Government Information Specialist

FOIA and Privacy Office

Civil Division

United States Department of Justice

--

--