APPEAL,CLOSED,TYPE–C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:22–cv–03576–APM</u>
### *Internal Use Only*

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION v. KERNER | Date Filed: 11/25/2022 |
| Assigned to: Judge Amit P. Mehta | Date Terminated: 09/29/2023 |
| Case in other court:  USCA, 23–05228 | Jury Demand: None |
| Cause: 05:0706 Judicial Review of Agency Actions | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **AMERICA FIRST LEGAL FOUNDATION** | represented by | **Andrew Block** |
| | | AMERICA FIRST LEGAL FOUNDATION |
| | | 611 Pennsylvania Avenue SE |
| | | #231 |
| | | Washington, DC 20003 |
| | | 202–836–7958 |
| | | Email: <u>andrew.block@aflegal.org</u> |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **HENRY J. KERNER** | represented by | **David Michael Glass** |
| *in his official capacity* | | U.S. DEPARTMENT OF JUSTICE |
| | | Civil Division |
| | | 1100 L Street, NW |
| | | Room 12020 |
| | | Washington, DC 20530 |
| | | (202) 514–4469 |
| | | Fax: (202) 616–8470 |
| | | Email: <u>david.glass@usdoj.gov</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/25/2022 | <u>1</u> | COMPLAINT against HENRY J. KERNER ( Filing fee $ 402 receipt number ADCDC–9694202) filed by AMERICA FIRST LEGAL FOUNDATION. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Civil Cover Sheet, # <u>5</u> Summons Includes 3 summonses: 1 to each required party)(Block, Andrew) (Entered: 11/25/2022) |
| 11/28/2022 | | Case Assigned to Judge Amit P. Mehta. (zmrl) (Entered: 11/28/2022) |

| 11/28/2022 | | NOTICE OF ERROR re 1 Complaint; emailed to andrew.block@aflegal.org, cc'd 0 associated attorneys –– The PDF file you docketed contained errors: 1. Missing summonses–government. When naming a government agent or agency as a defendant, you must supply a summons for each defendant & two additional summonses for the U.S. Attorney & U.S. Attorney General. Please submit using the event Request for Summons to Issue., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (Langford, Marquia) (Entered: 11/28/2022) |
|---|---|---|
| 11/28/2022 | 2 | REQUEST FOR SUMMONS TO ISSUE *(perfected)* re 1 Complaint, filed by AMERICA FIRST LEGAL FOUNDATION. Related document: 1 Complaint, filed by AMERICA FIRST LEGAL FOUNDATION.(Block, Andrew) (Entered: 11/28/2022) |
| 11/29/2022 | 3 | SUMMONS (3) Issued Electronically as to HENRY J. KERNER, U.S. Attorney and U.S. Attorney General. (Attachment: # 1 Notice and Consent)(ztth) (Entered: 11/29/2022) |
| 01/09/2023 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 12/2/2022. Answer due for ALL FEDERAL DEFENDANTS by 1/31/2023. (Block, Andrew) Modified serve/due date on 1/11/2023 (zed). (Entered: 01/09/2023) |
| 01/12/2023 | 5 | MOTION for Summary Judgment by AMERICA FIRST LEGAL FOUNDATION. (Attachments: # 1 Statement of Facts, # 2 Memorandum in Support, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Text of Proposed Order, # 8 Certificate of Service)(Block, Andrew) (Entered: 01/12/2023) |
| 01/26/2023 | 6 | Unopposed MOTION for Extension of Time to File Response/Reply by HENRY J. KERNER. (Attachments: # 1 Prop. Order)(Glass, David) (Entered: 01/26/2023) |
| 01/27/2023 | | MINUTE ORDER granting 6 Motion for Extension of Time to File Response/Reply. Defendant's time in which to file its Opposition to the Motion for Summary Judgment and to respond otherwise to the complaint is extended through February 17, 2023. Signed by Judge Amit P. Mehta on 01/27/2023. (lcapm3) (Entered: 01/27/2023) |
| 02/17/2023 | 7 | MOTION to Dismiss *for Failure to State a Claim* by HENRY J. KERNER. (Attachments: # 1 Mem. Supp., # 2 Prop. Order, # 3 Lim Decl., # 4 LCvR 7(h) Statement)(Glass, David) (Entered: 02/17/2023) |
| 02/17/2023 | 9 | Memorandum in opposition to re 5 Motion for Summary Judgment, filed by HENRY J. KERNER. (See Docket Entry 7 to view document). (zed) (Entered: 03/20/2023) |
| 03/17/2023 | 8 | Memorandum in opposition to re 7 Motion to Dismiss , REPLY to opposition to motion 5 *Motion for Summary Judgment* filed by AMERICA FIRST LEGAL FOUNDATION. (Block, Andrew) (Entered: 03/17/2023) |
| 03/17/2023 | 10 | REPLY to opposition to motion re 5 MOTION for Summary Judgment filed by AMERICA FIRST LEGAL FOUNDATION. (See Docket Entry 8 to view document). (zed) (Entered: 03/20/2023) |
| 03/20/2023 | 11 | Unopposed MOTION for Leave to File *Late and Corrected Memorandum to Replace ECF 8* by AMERICA FIRST LEGAL FOUNDATION. (Attachments: # 1 Exhibit Corrected memo in support of plaintiff's motion for summary judgment and opposition of defendant's motion to dismiss)(Block, Andrew) (Entered: 03/20/2023) |
| 03/21/2023 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting 11 Motion for Leave to File Late and Corrected Memorandum. Defendant's Reply Memorandum shall be due on or before April 11, 2023. Signed by Judge Amit P. Mehta on 03/21/2023. (lcapm3) (Entered: 03/21/2023) |
| 04/05/2023 | 12 | Unopposed MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss *for Failure to State a Claim* by HENRY J. KERNER. (Attachments: # 1 Prop. Order)(Glass, David) (Entered: 04/05/2023) |
| 04/06/2023 | | MINUTE ORDER granting 12 Motion for Extension of Time to File Response/Reply. The time of the Special Counsel to file his reply in support of his 7 Motion to Dismiss is extended through April 25, 2023. Signed by Judge Amit P. Mehta on 04/06/2023. (lcapm3) (Entered: 04/06/2023) |
| 04/25/2023 | 13 | REPLY to opposition to motion re 7 MOTION to Dismiss *for Failure to State a Claim* filed by HENRY J. KERNER. (Attachments: # 1 Ex. A (Compl. in Am. First II))(Glass, David) (Entered: 04/25/2023) |
| 05/16/2023 | 14 | Unopposed MOTION for Leave to File *Sur−Reply* by AMERICA FIRST LEGAL FOUNDATION. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A: Proposed Sur Reply)(Block, Andrew) (Entered: 05/16/2023) |
| 05/18/2023 | | MINUTE ORDER granting 14 Motion for Leave to File Sur−Reply. Plaintiff's motion to file the sur−reply is granted. Signed by Judge Amit P. Mehta on 05/18/2023. (lcapm3) (Entered: 05/18/2023) |
| 06/16/2023 | 15 | Unopposed MOTION for Leave to File *to File Resp. to Pl. Sur−Reply* by HENRY J. KERNER. (Attachments: # 1 Order, # 2 Prop. Resp., # 3 Ex. A to Prop. Resp.)(Glass, David) (Entered: 06/16/2023) |
| 06/19/2023 | | MINUTE ORDER granting 15 Motion for Leave to File. Defendant is granted leave to file Exhibit A to his motion, and Exhibit A is deemed filed as of the date of this order. Signed by Judge Amit P. Mehta on 06/19/2023. (lcapm3) (Entered: 06/19/2023) |
| 06/28/2023 | 16 | NOTICE *of Recent Development* by HENRY J. KERNER (Attachments: # 1 Ex. A)(Glass, David) (Entered: 06/28/2023) |
| 09/29/2023 | 17 | MEMORANDUM OPINION re: 5 Plaintiff's Motion for Summary Judgment and 7 Defendant's Motion to Dismiss. Please see the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 09/29/2023. (lcapm1) (Entered: 09/29/2023) |
| 09/29/2023 | 18 | ORDER: For the reasons stated in the 17 Memorandum Opinion, the court grants Plaintiff's motion for summary judgment, ECF No. 5, with respect its APA claim under § 706(2) and declares the Special Counsel's refusal to investigate was contrary to law. The court also remands this matter to the Special Counsel to determine whether he will investigate Plaintiff's allegation of arbitrary or capricious withholding under § 1261(a)(3), (c). Plaintiff's motion is otherwise denied. The court grants Defendant's motion to dismiss Plaintiff's claims under § 706(1) and the Mandamus Act, ECF No. 7. Please see the attached Order for further details. Signed by Judge Amit P. Mehta on 09/29/2023. (lcapm1) (Entered: 09/29/2023) |
| 10/10/2023 | 19 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 17 Order, 18 Order on Motion for Summary Judgment,,, Order on Motion to Dismiss,, by AMERICA FIRST LEGAL FOUNDATION. Filing fee $ 505, receipt number ADCDC−10409412. Fee Status: Fee Paid. Parties have been notified. (Block, Andrew) (Entered: 10/10/2023) |

| 10/11/2023 | 20 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 19 Notice of Appeal to DC Circuit Court. (mg) (Entered: 10/11/2023) |
|---|---|---|
| 10/16/2023 |  | USCA Case Number 23–5228 for 19 Notice of Appeal to DC Circuit Court, filed by AMERICA FIRST LEGAL FOUNDATION. (znmw) (Entered: 10/16/2023) |
| 03/26/2024 | 21 | MANDATE of USCA as to 19 Notice of Appeal to DC Circuit Court, filed by AMERICA FIRST LEGAL FOUNDATION ; USCA Case Number 23–5228. (Attachments: # 1 USCA Order 2/1/2024)(znmw) (Entered: 03/26/2024) |
| 05/10/2024 | 22 | Unopposed MOTION for Entry of Final Judgment by AMERICA FIRST LEGAL FOUNDATION. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Block, Andrew) (Entered: 05/10/2024) |
| 05/15/2024 | 23 | ORDER granting 22 Unopposed Motion for Entry of Final Judgment. See attached Order for additional details. Signed by Judge Amit P. Mehta on 05/15/2024. (lcapm3) (Entered: 05/15/2024) |
| 06/07/2024 | 24 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 23 Order on Motion for Entry of Final Judgment, 17 Order, 18 Order on Motion for Summary Judgment,,, Order on Motion to Dismiss,, by AMERICA FIRST LEGAL FOUNDATION. Filing fee $ 605, receipt number ADCDC–10950099. Fee Status: Fee Paid. Parties have been notified. (Block, Andrew) (Entered: 06/07/2024) |
| 06/07/2024 | 25 | Amended NOTICE OF APPEAL by AMERICA FIRST LEGAL FOUNDATION. (Attachments: # 1 Errata Cover Letter for Clerk)(Block, Andrew) (Entered: 06/07/2024) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION

    *Plaintiff,*

    v.

HENRY J. KERNER, Special Counsel,
The Office of Special Counsel

    *Defendant.*

Case No. 1:22-cv-3576 (APM)

### NOTICE OF APPEAL

Please Take Notice that the Plaintiff America First Legal Foundation hereby appeals, to the United States Court of Appeals for the District of Columbia, this Court's Order and Opinion of September 29, 2023. *See* ECF. Nos. 17 and 18.

Dated: October 10, 2023

Respectfully submitted,

/s/ Andrew J. Block
Reed D. Rubinstein
D.C. Bar No. 400153
Andrew J. Block
D.C. Bar No. 90002845
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave., S.E. #231
Washington, D.C. 20003
*Counsel for Plaintiff*

## Certificate of Service

I certify that I have served this Notice of Appeal on all counsel of record through the Court's ECF system this 10th day of October, 2023.

*/s/ Andrew J. Block*
Counsel for America First Legal Foundation

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERICA FIRST LEGAL** ) | |
| **FOUNDATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 22-cv-3576 (APM)** |
| **HENRY J. KERNER, in his official capacity,** ) | |
| **The Office of Special Counsel,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>ORDER</u>

For the reasons set forth in the court's Memorandum Opinion, ECF No. 17, the court grants Plaintiff's motion for summary judgment, ECF No. 5, with respect its APA claim under § 706(2) and declares the Special Counsel's refusal to investigate was contrary to law. The court also remands this matter to the Special Counsel to determine whether he will investigate Plaintiff's allegation of arbitrary or capricious withholding under § 1261(a)(3), (c). Plaintiff's motion is otherwise denied. The court grants Defendant's motion to dismiss Plaintiff's claims under § 706(1) and the Mandamus Act, ECF No. 7.

This is a final, appealable order, to the extent the Special Counsel may wish to appeal. *See NAACP, Jefferson Cnty. Branch v. U.S. Sugar Corp.*, 84 F.3d 1432, 1436 (D.C. Cir. 1996).

Dated:  September 29, 2023

Amit P. Mehta
United States District Court Judge

UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| —————————————————— ) | |
| AMERICA FIRST LEGAL ) | |
| FOUNDATION, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 22-cv-3576 (APM)** |
| ) | |
| HENRY J. KERNER, in his official capacity, ) | |
| The Office of Special Counsel, ) | |
| ) | |
| **Defendant.** ) | |
| —————————————————— ) | |

<u>**MEMORANDUM OPINION**</u>

**I.**

In April 2022, Plaintiff America First Legal Foundation submitted a Freedom of Information Act (FOIA) request to the Department of Justice Civil Division, only to be told that there was an unwritten policy that it could not conduct a search of an employee's emails absent the employee's consent. Disbelieving that explanation, Plaintiff turned to the Office of Special Counsel. Citing the Office's enabling statute, Plaintiff asked the Special Counsel to investigate whether the Civil Division had committed an "arbitrary or capricious withholding of information" under FOIA. 5 U.S.C. § 1216(a)(3). The Special Counsel declined to do so. Relying on a provision of FOIA, the Special Counsel explained that the Office's investigative authority was conditioned upon a federal district court making certain findings about a FOIA response, which had not occurred. *See* 5 U.S.C. § 522(a)(4)(F)(i). Dissatisfied with that answer, Plaintiff filed this action to compel the Special Counsel to investigate.

The parties are now before the court on Plaintiff's motion for summary judgment and on the Special Counsel's motion to dismiss. For the reasons that follow, the court finds that the

Special Counsel's refusal to investigate was contrary to law because it was based on a legal error, but the court cannot compel the Special Counsel to undertake the discretionary act of initiating an investigation.

## II.

### A.

On April 6, 2022, Plaintiff filed a FOIA request with the DOJ Civil Division seeking "all records of communications to or from the email dcole@aclu.org."  Pl.'s Mot. for Summ. J., ECF No. 5 [hereinafter Pl.'s Mot.], Ex. 1, ECF No. 5-3, at 2.  The Civil Division's Acting Chief of FOIA and Privacy subsequently advised over a phone call that "the Civil Division has a policy of not conducting a FOIA search on employee's emails without first getting their permission or consent, or in the alternative asking them to conduct the search of their own inbox."  *Id.*, Ex. 2, ECF No. 5-4, at 6.  She later acknowledged via email that the consent requirement is "not a written policy."  *Id.* at 4.

Believing that this supposed unwritten policy violated FOIA, Plaintiff wrote the Office of the Special Counsel on August 17, 2022, requesting that it initiate an investigation pursuant to 5 U.S.C. § 1216(a)(3).  *Id.*, Ex. 3, ECF No. 5-5; Compl. ¶ 11.  That statute states, in relevant part, that "the Special Counsel shall . . . conduct an investigation of any allegation concerning . . . arbitrary or capricious withholding of information prohibited under" FOIA. 5 U.S.C. § 1216(a)(3).

The Office of Special Counsel declined to investigate.  Citing a code provision under FOIA, the Special Counsel wrote on September 1, 2022, that under 5 U.S.C. § 552(a)(4)(F)(i), "we are[] by statute unable to investigate."  Pl.'s Mot., Ex. 4, ECF No. 5-6, at 1.  The Special Counsel explained that § 552(a)(4)(F)(i)

2

> lays out three conditions that must be met before a case falls under
> the Special Counsel's jurisdiction in section 1216: (1) the court
> ordered the production of improperly held agency records; (2) the
> court assessed attorney fees and litigation costs against the United
> States; and (3) the court issued a written finding that the
> circumstances surrounding the agency's withholding raised
> questions whether the agency personnel responsible for the
> withholding acted arbitrarily or capriciously.

*Id.* at 1–2.  Because Plaintiff had not alleged that any of these prerequisites were met, the Special

Counsel said he could not "take further action on [Plaintiff's] complaint at this time."  *Id.* at 2.

### B.

Plaintiff brought this action on November 25, 2022.  Compl., ECF No. 1.  The complaint

asserts two claims.  The first is under the Administrative Procedure Act ("APA"), alleging agency

action that was (1) unlawfully withheld and (2) arbitrary and capricious or contrary to law.  *Id.*

¶¶ 22–23.  The second is under the Mandamus Act, seeking to compel the Special Counsel to

initiate an investigation under § 1216(a)(3).  *Id.* ¶ 29.[1]

Plaintiff then filed a Motion for Summary Judgment.  Pl.'s Mot.  Defendant opposed and

moved to dismiss the complaint.  Def.'s Mot. to Dismiss, ECF No. 7.

### II.

Before turning to the merits, the court must first consider its subject matter jurisdiction.

For the first time in his reply brief and then again in response to a surreply, the Special Counsel

suggests that this case is moot.  *See* Reply in Support of Def.'s Mot., ECF No. 13 [hereinafter

Def.'s Reply], at 17–23; Def.'s Resp. to Pl.'s Sur-Reply, ECF No. 15-2 [hereinafter Def.'s Surreply

---

[1]  The court notes that there is a mismatch between Plaintiff's Prayer for Relief and causes of action.  Compl. at 5.
Although asserting a claim under § 706(1), Plaintiff does not seek to compel agency action under that section.  *Id.*
Rather, he seeks a "writ of mandamus requiring the defendant to investigate [Plaintiff's] allegations."  *Id.*  Similarly,
although advancing a claim under § 706(2), Plaintiff does not ask to hold unlawful and set aside agency action as
arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Rather, he requests a
"declaratory judgment that the plaintiff has a non-discretionary duty under 5 U.S.C. § 1216(a)(3) to investigate
[Plaintiff's] allegations."  *Id.*  Notwithstanding these pleading issues, which Defendant has not raised, the court will
treat Plaintiff as requesting relief under § 706(1) and (2) and the Mandamus Act.

Resp.], at 3–4.  In the reply brief, the Special Counsel argues that the case is moot because there is not, nor has there ever been, an "unwritten policy" to require an employee's consent before searching the employee's email.  Def.'s Reply at 18–19 (citing Mot., Decl. of Daniel Lim, ECF No. 7-3, ¶¶ 12, 14).  The argument seems to be that, because there is no "unwritten policy," the court cannot grant the relief Plaintiff seeks.  *Id.*  The Special Counsel makes a different argument in response to Plaintiff's surreply.  There, he contends that the case is moot because the Civil Division has almost completed searching for the responsive records that Plaintiff sought.  Def.'s Surreply Resp. at 4.  The theory appears to be that Plaintiff's injury is the nondisclosure of records and, because it has now (or soon will) receive them, there is no longer an injury to remedy.  *See id.*

These arguments patently misunderstand Plaintiff's claims.  Plaintiff asks for two forms of relief: (1) a declaration that the Special Counsel's reason for declining to investigate was contrary to law and (2) an order compelling the Special Counsel to "investigate [its] allegations under 5 U.S.C. § 1216(a)(3)."  Compl. at 5.  That statute, as will be discussed below, authorizes the Special Counsel to investigate an agency employee for arbitrarily or capriciously withholding disclosable material under FOIA.  Neither the absence of an "unwritten policy" nor production of the requested emails forecloses that relief.  This case is not moot.  *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021) ("[I]f in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot.").

### III.

On the merits, the court is asked to consider the interplay between § 1216(a)(3), an authorizing statute for the Office of Special Counsel, and § 552(a)(4)(F)(i), a provision under FOIA.

### A.

The court starts with the provision upon which Plaintiff relies.  Section 1216, which is titled

"Other matters within the jurisdiction of the Office of Special Counsel," states in pertinent part:

> (a) In addition to the authority otherwise provided in this chapter, the Special Counsel shall, except as provided in subsection (b),[2] conduct an investigation of any allegation concerning—
>
> . . .
>
> (3) arbitrary or capricious withholding of information prohibited under section 552 . . ."[3]
>
> . . .
>
> (c) If the Special Counsel receives an allegation concerning any matter under paragraph [(3)][4] of subsection (a), the Special Counsel may investigate and seek corrective action under section 1214 and disciplinary action under section 1215 in the same way as if a prohibited personnel practice were involved.

5 U.S.C. § 1216(a)(3), (c).  Focusing on the word "shall" in subsection (a), Plaintiff reads

§ 1216(a)(3) to *require* the Office of Special Counsel to investigate "any allegation" of "arbitrary

or capricious withholding of information" under FOIA.  Pl.'s Mem. of P & A in Support of Pl.'s

Mot., ECF No. 5-2, at 5.

For its part, the Special Counsel relies on a unique provision in FOIA that directs the

agency to investigate the arbitrary or capricious denial of a FOIA request.  Section 552(a)(4)(F)(i)

states:

> Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and

---

[2] Subsection (b), which is not relevant here, provides: "The Special Counsel shall make no investigation of any allegation of any prohibited activity referred to in subsection (a)(5), if the Special Counsel determines that the allegation may be resolved more appropriately under an administrative appeals procedure."
[3] Subsection (a)(3) continues, "except that the Special Counsel shall make no investigation of any withholding of foreign intelligence or counterintelligence information the disclosure of which is specifically prohibited by law or by Executive order[.]"
[4] Subsection (c) also extends to allegations concerning any matter under paragraphs (1), (4), or (5) of subsection (a).

> the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.

5 U.S.C. § 552(a)(4)(F)(i).  The Special Counsel reads this provision as cabining its authority to investigate under § 1216(a)(3) only to those circumstances in which the three conditions set forth in § 552(a)(4)(F)(i) are present.

### B.

"[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *U.S. ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 494 (D.C. Cir. 2004) (citation omitted).  Further, "every clause and word of a statute should, if possible, be given effect." *Chickasaw Nation v. United States*, 534 U.S. 84, 93 (2001) (citation omitted).  And "statutory provisions, whenever possible, should be construed so as to be consistent with each other." *Citizens to Save Spencer Cnty. v. EPA*, 600 F.2d 844, 870 (D.C. Cir. 1979).  The court does "not resort to legislative history to cloud a statutory text that is clear." *United States v. Barnes*, 295 F.3d 1354, 1365 (D.C. Cir. 2002) (citation omitted).

Applying the foregoing principles, the court holds that the Special Counsel does have the legal authority to initiate an investigation under § 1216(a) based on an alleged arbitrary or capricious withholding of information under FOIA, even if the prerequisites of § 552(a)(4)(F)(i) are absent, but it is not required to do so.  The court cannot, however, compel the Special Counsel to investigate under § 1216(a).

Congress used noticeably different language about the Special Counsel's investigative authority in § 552(a)(4)(F)(i) versus § 1216(a). Those differences allow the court to easily harmonize the two provisions. Section 552(a)(4)(F)(i) speaks in mandatory terms. The statute provides that, when the three preconditions are met, the Special Counsel "*shall promptly initiate* a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding." 5 U.S.C. § 552(a)(4)(F)(i) (emphasis added). Further, "after investigation and consideration of the evidence submitted," the Special Counsel "*shall submit* his findings and recommendations to the administrative authority of the agency concerned." *Id.* (emphasis added). The Special Counsel also "*shall send* copies of the findings and recommendations to the officer or employee or his representative." *Id.* (emphasis added). And, finally, "[t]he administrative authority *shall take* the corrective action that the Special Counsel recommends." *Id.* (emphasis added). That is four uses of the word "shall" in two sentences. In that context, the word "shall" unmistakably "connotes a requirement." *Kingdomware Tech., Inc. v. United States*, 579 U.S. 162, 171 (2016). Thus, in § 552(a)(4)(F)(i), Congress imposed a duty on the Special Counsel to investigate an agency employee that a court has determined may have acted arbitrarily or capriciously in withholding information under FOIA. The Special Counsel cannot decline to investigate.

Section 1612 reads very differently. It does not contain mandatory language. Subsection (c) states that "[i]f the Special Counsel receives an allegation concerning any matter under paragraph [(a)(3)], the Special Counsel *may investigate* and seek corrective action . . ." 5 U.S.C. § 1216(c) (emphasis added). That is plainly discretionary language. *Baltimore Gas & Elec. Co. v. FERC*, 252 F.3d 456, 461 (D.C. Cir. 2001) (describing the statutory text "may investigate" as "discretionary"); *Amalgamated Transit Union v. Skinner*, 894 F.2d 1362, 1370 n.7

7

(D.C. Cir. 1990) (same).  That permissive language makes sense.  Because Congress authorized the Special Counsel to investigate based upon a mere "allegation," it gave the Special Counsel discretion whether to initiate an inquiry.

The Special Counsel's misreading of these provisions rests on its improper elevation of legislative history over the statutory text.  *See* Mem. in Support of Def.'s Mot., ECF No. 7-1 [hereinafter Def.'s Mem.], at 10 (relying exclusively on legislative history of § 1216(a)(3)). Where, as here, the text is plain, there is no need to resort to legislative history.  *See Ratzlaf v. United States*, 510 U.S. 135, 147–48 (1994) (stating courts should "not resort to legislative history to cloud a statutory text that is clear"); *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 808–09 n.3 (1989) ( "Legislative history is irrelevant to the interpretation of an unambiguous statute.").

But even if the court considers legislative history, the Special Counsel's reading of it is wrong.  Def.'s Mem. at 10.  The Special Counsel relies exclusively on a Senate Report accompanying the Civil Service Reform Act of 1978, Sen. Rep. No. 95-969 (1978).  That Report, the Special Counsel points out, states that

> "Clause (C)," the provision now codified as § 1216(a)(3), refers to 5 U.S.C. 552(a)(4)(F) which relates to court findings that information may have been withheld arbitrarily or capriciously.  The Special Counsel may investigate on the basis of such findings, and make recommendations to the opening [sic] involved, but it [sic] not given independent authority under this subparagraph to review the basis for withholding information from disclosure under the Freedom of Information Act.

Def.'s Mem. at 10 (quoting Sen. Rep. No. 95-969 at 37).  In other words, under § 1216(a)(3), the authority to investigate an arbitrary or capricious withholding of disclosable information under FOIA is tied to the prerequisites of § 552(a)(4)(F)(i).  That piece of legislative history would appear to be compelling at first blush.

8

The problem with the Special Counsel's reliance on the 1978 Senate Report is that it *predates* the enactment of § 1216 and subparagraph (c). It is true that Congress first vested the Special Counsel with authority to investigate under what is now § 1216(a)(3) in the Civil Service Reform Act of 1978. *See* Pub. L. No. 95–454, § 1206(e)(1)(C), 922 Stat. 1111, 1128 (Oct. 13, 1978). But in the Whistleblower Protection Act of 1989, Congress consolidated various matters within the Special Counsel's jurisdiction under a single provision, § 1216(a), including subsection (a)(3). *See* Pub. L. No. 101-12, § 3, 103 Stat. 16, 28 (Apr. 10, 1989). That legislation also introduced for the first time § 1216(c)(2) (1989), what is today simply § 1216(c). Subsection 1216(c)(2) (1989) allowed the Special Counsel to probe an "allegation concerning any matter under" (a)(3). *Id.* The 1989 Act therefore expanded the Office of the Special Counsel's authority to investigate and gave it discretion to make inquiries into an arbitrary or capricious withholding, even if § 552(a)(4)(F)(i)'s three conditions are not present. The complete recitation of the legislative history of § 1216 thus supports the court's reading of the relevant provisions, not the Special Counsel's.

The court therefore holds that the Special Counsel acted contrary to law by refusing to initiate an investigation based on a legal error.[5]

## C.

That conclusion does not mean that the court can order the Special Counsel to investigate, as Plaintiff requests. Section 706(1) codifies the common law writ of mandamus and empowers a

---

[5] The Special Counsel also argues that Plaintiff's APA claim must be dismissed because FOIA provides it an adequate remedy at law. Def.'s Mem. at 11–12. This argument fails for the same reason this case is not moot: the disclosure of records is not the remedy Plaintiff seeks. The Special Counsel further maintains that, because 5 U.S.C. § 1216 does not provide Plaintiff a private right of action, this action must be dismissed. Def.'s Reply at 11–12. The Special Counsel forfeited this argument by raising it for the first time in his reply. *See Abdullah v. Obama*, 753 F.3d 193, 199 (D.C. Cir. 2014). At any rate, he is incorrect. Plaintiff's claims are to set aside agency action contrary to law and to compel agency action under the APA—that is all the private right of action that Plaintiff needs. *See Jud. Watch, Inc. v. Kerry*, 844 F.3d 952, 954 (D.C. Cir. 2016) (APA supplying claim when Federal Records Act did not contain a private right of action).

court only to compel an agency "to perform a ministerial or non-discretionary act" amounting to "a specific, unequivocal command."  *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61, 63 (2004) (internal quotation marks omitted); *see also Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 670 (D.C. Cir. 2016).  "[A] claim under [section] 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."  *Norton*, 542 U.S. at 64.

The decision whether to investigate under § 1216(c) is plainly committed to the discretion of the Special Counsel.  To reiterate, section 1216(c) says that the Special Counsel "may" investigate an "allegation" of an arbitrary or capricious withholding.  It is therefore not action the court can compel.  *See Citizens for Resp. & Ethics in Washington v. FEC*, 993 F.3d 880, 888 (D.C. Cir. 2021) ("Civil enforcement actions are presumptively committed to the agency's discretion[.]").

The word "shall" in § 1216(a) does not require a different result.  *See* Pl.'s Mot. at 5. "Courts look to context to confirm whether 'shall' imposes a mandatory obligation or whether instead 'the context of a particular usage . . . require[s] the construction of . . . "shall" as permissive."  *In re Nat'l Nurses United*, 47 F.4th 746, 754 (D.C. Cir. 2022) (quoting *LO Shippers Action Comm. v. ICC*, 857 F.2d 802, 806 (D.C. Cir. 1988)).  The use of the word "shall" in subsection (a) cannot possibly be mandatory because subsection (c) makes clear that an investigation of matters listed under subsection (a) "may" be undertaken by the Special Counsel. 5 U.S.C. § 1216(c).  A court cannot compel a discretionary act.

The court therefore dismisses Plaintiff's APA claim under § 706(1) and his request for mandamus relief.  *See In re Bluewater Network*, 234 F.3d 1305, 1315 (D.C. Cir. 2000) (stating that mandamus is "reserved only for the most transparent violations of a clear duty to act").

**IV.**

For the foregoing reasons, the court grants Plaintiff's motion for summary judgment, ECF No. 5, with respect its APA claim under § 706(2) and declares the Special Counsel's refusal to investigate was contrary to law.  The court also remands this matter to the Special Counsel to determine whether he will investigate Plaintiff's allegation of arbitrary or capricious withholding under § 1261(a)(3), (c).  Plaintiff's motion is otherwise denied.  The court grants Defendant's motion to dismiss Plaintiff's claims under § 706(1) and the Mandamus Act, ECF No. 7.

A final, appealable order accompanies this Memorandum Opinion, to the extent the Special Counsel may wish to appeal.  *See NAACP, Jefferson Cnty. Branch v. U.S. Sugar Corp.*, 84 F.3d 1432, 1436 (D.C. Cir. 1996).


Dated:  September 29, 2023

Amit P. Mehta
United States District Court Judge

11